UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

AZIZA KHAIMI,

               Plaintiff,

       -v-

FEDEX CORPORATION,

               Defendant.

26-CV-3851 (JPO)

ORDER

J. PAUL OETKEN, District Judge:

On May 8, 2026, Defendant FedEx Corporation removed this case to this Court from the Supreme Court of the State of New York, County of New York, invoking federal diversity jurisdiction pursuant to 28 U.S.C. § 1332.  (ECF No. 1 ¶ 5.)  Section 1332(a)(1) provides that district courts have original jurisdiction over cases between "citizens of different States" in which "the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs."

A removing party has the burden of establishing "a reasonable probability that the claim" exceeds $75,000.  *Scherer v. Equitable Life Assurance Soc'y of the U.S.*, 347 F.3d 394, 397 (2d Cir. 2003) (quotation marks omitted).  "[I]f the jurisdictional amount is not clearly alleged in the plaintiff's complaint, and the defendant's notice of removal fails to allege facts adequate to establish that the amount in controversy exceeds the jurisdictional amount, federal courts lack diversity jurisdiction as a basis for removing the plaintiff's action from state court." *Lupo v. Human Affairs Int'l, Inc.*, 28 F.3d 269, 273-74 (2d Cir. 1994).

Defendant has not carried its burden of establishing that the jurisdictional amount has been satisfied.  As in *Vaghela-Omanoff v. Ryder Truck Rental, Inc.*, where the Court *sua sponte* remanded the case to state court, the underlying complaint neither "allege[s] a damages amount"

1

nor contains "detailed allegations about the facts or the nature of any injuries" for which Plaintiff claims damages.  No. 19-CV-4390, 2019 WL 2193820, at *2 (S.D.N.Y. May 21, 2019). Defendant's Notice of Removal also "contains no factual allegations supporting any particular damages amount."  *Id.*  Instead, it repeats the underlying complaint's allegation that Plaintiff "suffered damages which exceed the monetary jurisdictional limits of all lower courts."  (ECF No. 1 ¶ 11.)  This boilerplate language, which is "obviously a reference to the lower civil courts of New York (which may not entertain actions seeking more than $25,000)," *Vaghela-Omanoff*, 2019 WL 2193820, at *2, "cannot reasonably be interpreted as alleging damages in excess of $75,000," *Woodley v. Mass. Mut.*, No. 08-CV-949, 2008 WL 2191767, at *2 (S.D.N.Y. May 23, 2008).  The Notice of Removal also purports to quote the underlying complaint as alleging that Plaintiff "has sustained serious injuries as defined in Section 5102(d) of the Insurance Law of the State of New York and has sustained economic loss greater than basic economic loss as defined in Section 5104 of the Insurance Law of the State of New York."  (ECF No. 1 ¶ 11.)  This quote, however, appears nowhere in the actual complaint.  (*See generally* ECF No. 1-2.)

Of course, Defendant may remove this case in the future based on a proper showing of the amount in controversy.  "[T]he removal clock does not start to run until the plaintiff serves the defendant with a paper that explicitly specifies the amount of monetary damages sought." *Moltner v. Starbucks Coffee Co.*, 624 F.3d 34, 38 (2d Cir. 2010); *see* 28 U.S.C. § 1446(b)(3), (c)(3).  Until Plaintiff makes such a demand, or until Defendant plausibly alleges facts showing a reasonable probability that the claim exceeds $75,000, however, the Court lacks subject matter jurisdiction to adjudicate this case.

Accordingly, this case is remanded to New York Supreme Court, New York County, pursuant to 28 U.S.C. § 1447(c).

SO ORDERED.

Dated: May 12, 2026
       New York, New York

_____
        J. PAUL OETKEN
     United States District Judge

3